Filed 9/23/16  P. v. Moreno CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>              v.<br><br>RAYMOND MORENO,<br><br>        Defendant and Appellant. | F071149<br><br>(Super. Ct. No. VCF298279)<br><br>**OPINION** |

-ooOoo-

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Gary L. Paden, Judge.

Jean M. Marinovich, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, and Kathleen A. McKenna, Deputy Attorney General, for Plaintiff and Respondent.

-ooOoo-

---

[*]        Before Levy, Acting P.J., Kane, J. and Poochigian, J.

Appellant Raymond Moreno appeals from the denial of his petition for resentencing under Penal Code section 1170.18, seeking modification of the sentence imposed on his prior conviction for unlawful driving or taking of a vehicle (Veh. Code, § 10851). Appellant contends the denial of his request violates principles of equal protection. For the reasons set forth below, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 20, 2014, appellant pled no contest to one count of unlawfully driving or taking a vehicle under Vehicle Code section 10851 and admitted to several prior theft convictions and prison term enhancements. Relevant to his plea, appellant was apprehended in the driver's seat of a 1994 Honda Accord that had previously been reported stolen. In exchange for the plea, appellant was offered and received a five-year sentence, with three years of that term suspended.

Appellant later petitioned for resentencing pursuant to Proposition 47. The petition was denied because the trial court concluded that a conviction under Vehicle Code section 10851 was not eligible for resentencing. This timely appeal followed.

## DISCUSSION

Appellant contends the trial court wrongly denied his petition for resentencing. He claims his sentence violates equal protection principles and must be reduced to a misdemeanor if the vehicle involved was worth less than $950 because there is no rational basis why his conviction under Vehicle Code section 10851 should be punished more harshly than a conviction for theft of an automobile under Penal Code section 487.

### *Standard of Review and Applicable Law*

"The concept of equal treatment under the laws means that persons similarly situated regarding the legitimate purpose of the law should receive like treatment. [Citation.] '"The first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner." [Citations.] This initial inquiry is not

2.

whether persons are similarly situated for all purposes, but "whether they are similarly situated for purposes of the law challenged."'" (*People v. Morales* (2016) 63 Cal.4th 399, 408 (*Morales*).)

If this showing is met, a further analysis is undertaken. "'The concept [of equal protection] recognizes that persons similarly situated with respect to the legitimate purpose of the law receive like treatment, but it does not … require absolute equality. [Citations.] Accordingly, a state may provide for differences as long as the result does not amount to invidious discrimination.'" (*People v. Cruz* (2012) 207 Cal.App.4th 664, 675.) "'In resolving equal protection issues, the United States Supreme Court has used three levels of analysis. Distinctions in statutes that involve suspect classifications or touch upon fundamental interests are subject to strict scrutiny, and can be sustained only if they are necessary to achieve a compelling state interest. Classifications based on gender are subject to an intermediate level of review. But most legislation is tested only to determine if the challenged classification bears a rational relationship to a legitimate state purpose.'" (*Ibid.*)

The determination of a statute's constitutionality is a question of law and is thus considered de novo. (*People v. Health Laboratories of North America, Inc.* (2001) 87 Cal.App.4th 442, 445.)

### ***Denying Appellant's Resentencing Request Is Not an Equal Protection Violation***

Relying on *People v. Noyan* (2014) 232 Cal.App.4th 657 (*Noyan*), appellant claims it violates equal protection to punish unlawfully driving or taking of a vehicle in a harsher manner than stealing the same vehicle. We disagree.

Appellant's reliance on *Noyan* is misplaced. In *Noyan*, the court was not faced with determining the impact of a retroactive application of sentencing changes but, rather, with the impact of legislative changes on sentencing for postchange convictions. (*Noyan*, *supra*, 232 Cal.App.4th at pp. 663–664.) Thus, its analysis as to whether those suffering new convictions for differing crimes were similarly situated is inapplicable. In addition,

3.

*Noyan* involved similar crimes which did not overlap but shared the same goal of excluding contraband from prisons. (*Id.* at pp. 666–667.) Here, in contrast, the two crimes overlap, as the theft of an automobile can be charged under either Penal Code section 487 (as either grand theft or petty theft, depending on the value of the vehicle) or Vehicle Code section 10851, creating two potential criminal statutes under which a defendant can be charged. Under the instruction of *United States v. Batchelder* (1979) 442 U.S. 114, the California Supreme Court has held that "neither the existence of two identical criminal statutes prescribing different levels of punishments, nor the exercise of a prosecutor's discretion in charging under one such statute and not the other, violates equal protection principles." (*People v. Wilkinson* (2004) 33 Cal.4th 821, 838 (*Wilkinson*).)

Absent an argument that one was "singled out deliberately for prosecution on the basis of some invidious criterion," there is no cognizable claim that equal protection principles have been violated due to different statutes providing different penalties for similar conduct. (*Manduley v. Superior Court* (2002) 27 Cal.4th 537, 568 [continuing on to reject claim that two otherwise identical classes of juveniles are created based on decision whether to charge in juvenile or adult court].) No such additional allegations have been made here and, thus, there has been no showing of disparate treatment sufficient to trigger a further equal protection inquiry.

In this case, moreover, appellant is appealing because he was denied resentencing relief, not just because his sentence was punished differently than another crime. In this context, too, there is no equal protection violation due to appellant's exclusion from the changes enacted through Proposition 47. Our Supreme Court has noted why there is no equal protection obligation to either modify existing sentences or make revised sentencing provisions retroactive in the context of Proposition 47. "Persons resentenced under Proposition 47 were serving a proper sentence for a crime society had deemed a felony (or a wobbler) when they committed it. Proposition 47 did not have to change that

4.

sentence at all.  Sentencing changes ameliorating punishment need not be given retroactive effect.  '"The Legislature properly may specify that such statutes are prospective only, to assure that penal laws will maintain their desired deterrent effect by carrying out the original prescribed punishment as written."'" (*Morales*, *supra*, 63 Cal.4th at pp. 408–409.)  The fact that the electorate chooses to modify certain sentences and permit those convictions to be retroactively reduced, but not others, does not show an equal protection violation because the electorate's legitimate choice regarding which convictions to modify differentiates the groups.  (*See People v. Floyd* (2003) 31 Cal.4th 179, 191 ["'[T]he 14th Amendment does not forbid statutes and statutory changes to have a beginning, and thus to discriminate between the rights of an earlier and later time.'"].)[1]

## *The Abstract of Judgment Must Be Corrected*

In its responsive brief, the People note the abstract of judgment does not properly reflect the basis for appellant's convictions and resulting sentence.  While appellant's sentence shows three enhancements under Penal Code section 667.5 were stayed, the People note that such enhancements cannot be stayed and must be struck.  (See *People v. Langston* (2004) 33 Cal.4th 1237, 1241 ["Once the prior prison term is found true within the meaning of [Penal Code] section 667.5(b), the trial court may not stay the one-year enhancement, which is mandatory unless stricken."].)  In addition, the People contend appellant was sentenced to two one-year enhancements under Penal Code section 667.5, but that the abstract shows a single two-year enhancement imposed under Penal Code section 666.5.  The People request the abstract be corrected to reflect the striking of the prior prison term enhancements that were not imposed and to note the presence of two

---

[1]     Even if it was shown that two similarly situated groups were being treated differently, it is possible to imagine a rational basis for treating charges brought under the Vehicle Code differently from other property theft offenses, even where overlap exists, as the Vehicle Code statute criminalizes a much broader range of conduct than theft under the Penal Code and is thus designed to further different goals.  (See *Wilkinson*, *supra*, 33 Cal.4th at pp. 839–840 [decision of how long a particular punishment should be is left to the Legislature, provided they act rationally].)

one-year enhancements rather than a single two-year enhancement. (See *People v. Garcia* (2003) 107 Cal.App.4th 1159, 1165–1166 [noting prior conviction under Penal Code section 666.5 sets the base term, but same conviction can support enhancement under Penal Code section 667.5].) Appellant has not opposed the requested correction. Upon remand, the clerk shall correct the abstract of judgment to reflect appellant's sentence as requested. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

## DISPOSITION

The judgment is affirmed. The trial court is ordered to correct the abstract of judgment to properly identify the sentence imposed. The trial court is directed to prepare an amended abstract of judgment consistent with this order and forward a certified copy to California's Department of Corrections and Rehabilitation.